In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3272

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUAN MARTIN REYES-MEDINA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 CR 240-1—**Milton I. Shadur**, *Judge.*

ARGUED APRIL 12, 2012—DECIDED JUNE 27, 2012

Before EASTERBROOK, *Chief Judge,* and MANION and
SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* Juan Martin Reyes-Medina
pleaded guilty to two counts of knowingly and inten-
tionally using a communication facility in committing,
causing, or facilitating a drug trafficking crime in viola-
tion of 21 U.S.C. § 843(b). The district court sentenced
him to 48 months' imprisonment on Count I, and
39 months on Count II, to run consecutively. Reyes-

Medina now appeals, arguing that the district court failed to consider two sentencing factors when it imposed his sentence, and that a consecutive sentence was unreasonable and excessive. We affirm.

## I.

Juan Martin Reyes-Medina's two-count information was based on two telephone conversations he had with a cooperating government informant. The first conversation occurred in the evening hours of March 11, 2009. The cooperating informant and Reyes-Medina agreed that they would meet the next day and Reyes-Medina would pay the informant $120,000 in exchange for five kilograms of cocaine. The following morning, Reyes-Medina and the informant spoke again over the telephone, finalizing their plans for the location and time of the exchange. At approximately 4:00 p.m. on March 12, 2009, Reyes-Medina met with the cooperating informant at the agreed-on location; each arrived in separate vehicles. The informant passed a black duffel bag containing sham cocaine to Reyes-Medina, and Reyes-Medina passed a grocery bag filled with $120,000 to the informant. Government agents arrested Reyes-Medina soon thereafter.

After Reyes-Medina was arrested, the agents searched his restaurant and an apartment he maintained on the top floor of his restaurant. The search yielded three firearms, 2.85 kilograms of heroin, 1.7 grams of cocaine, $54,000 in cash, and narcotics-distribution paraphernalia. With this evidence in hand, the government charged Reyes-Medina with three criminal counts: at-

tempting to knowingly and intentionally possess a controlled substance; knowingly and intentionally possessing a controlled substance; and knowingly possessing a firearm in furtherance of a drug trafficking crime.

The district court subsequently suppressed the evidence obtained during the search of Reyes-Medina's restaurant and apartment, so the government issued a superseding information that charged him with only two counts of knowingly and intentionally using a communication facility in committing, causing, or facilitating a drug trafficking crime in violation of 21 U.S.C. § 843(b). Each so-called "telephone count" carried a statutory maximum of 48 months' imprisonment, 21 U.S.C. § 843(d)(1), and the district court calculated a sentencing guidelines range of 87 to 96 months' imprisonment. Reyes-Medina pleaded guilty to the superseding information and asked for concurrent sentences, but, after a thorough sentencing hearing, the district court sentenced him to consecutive terms of imprisonment of 48 months for Count I, and 39 months for Count II. Reyes-Medina appeals, challenging the district court's alleged failure to apply two of the sentencing factors listed in 18 U.S.C. § 3553(a), as well as the court's decision to impose consecutive terms of imprisonment.

## II.

We review the district court's sentencing procedure *de novo*. *United States v. Pulley*, 601 F.3d 660, 664 (7th Cir. 2010) (citing *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009)). "The substantive reasonableness of a sen-

tence is reviewed for an abuse of discretion and a correctly calculated, within-Guidelines sentence is entitled to a presumption of reasonableness." *Id.* (citations omitted). Reyes-Medina's arguments attack both the district court's sentencing procedure and the substantive reasonableness of his sentence. We will address each in turn.

## A. Sentencing Procedure

We have previously laid out the proper procedure for imposing a sentence. First, the district court considers "the presentence investigation report and its interpretation of the [sentencing] guidelines." *Smith*, 562 F.3d at 872 (citing *Rita v. United States*, 551 U.S. 338, 351 (2007)). Then, the district court must "subject the defendant's sentence 'to the thorough adversarial testing contemplated by the federal sentencing procedure.'" *Id.* (quoting *Rita*, 551 U.S. at 351). That testing involves considering whether to impose a guidelines sentence in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* Specifically, the district court "must allow a defendant to point out any of the § 3553(a) factors that might justify a sentence outside of the guidelines range, and must consider those factors when determining the sentence." *Id.* at 873 (citing *United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006)). "The district court need not explicitly discuss all of the factors in § 3553(a), but it must show that it has given meaningful consideration to the factors, and it must articulate the factors that deter-

mined its chosen sentence." *Tyra*, 454 F.3d at 687-88 (citations omitted).

The only aspect of the sentencing procedure that Reyes-Medina challenges is the district court's purported failure to consider the two sentencing factors found in subsections (a)(5) and (6) of § 3553. At the outset, we note that a sentencing judge may "discuss the application of the statutory factors to the defendant not in checklist fashion but instead in the form of an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant." *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (citations omitted). Here, however, the judge actually did step through each § 3553(a) factor in checklist fashion, articulating each factor's applicability and weight in this particular case. Even so, we are mindful of the fact that "the judge need not 'write a comprehensive essay applying the full panoply of penological theories and considerations, which is to say everything invoked or evoked by section 3553(a) . . . , to the case before him.'" *Smith*, 562 F.3d at 873 (quoting *Dean*, 414 F.3d at 729)). That said, we will analyze both subsections of § 3553(a) that Reyes-Medina claims were given short shrift.

Taking subsection (a)(6) first, this provision states that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." In addressing this factor, the district court judge opined that

> [it] has always struck me as being an appeal to sub-
> jectivity of a kind that courts should not be utilizing
> to any extent because what is an unwarranted
> disparity is sort of like, you know, beauty is in the
> eye of the beholder. You can rationalize any disparity
> as being unwarranted, just as you can rationalize
> the opposite side. And, therefore, that sometimes
> does play a useful part as, for example, when there
> are co-defendants involved and you want to make
> sure their comparative culpability is adequately
> reflected, but that is not a factor here.

Reyes-Medina highlights the court's use of an example of a case involving co-defendants as evidence that the court did not consider this factor. We recognize that "the kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants in a single case." *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). But here, contrary to Reyes-Medina's assertion, the district court judge never said that the factor *only* applies to co-defendants. Rather, it is clear from the context of his statement that the judge was simply giving an example of an instance when the factor would be especially relevant.

Moreover, if a district court judge "'correctly calculated and carefully reviewed the [g]uidelines range, he *necessarily* gave weight and consideration to the need to avoid unwarranted disparities.' A sentence within a [g]uideline range 'necessarily' complies with § 3553(a)(6)." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009)

(quoting *Gall v. United States*, 552 U.S. 38, 54 (2007)). Here, there is no dispute that the district court correctly calculated the guideline range or that Reyes-Medina's sentence was within that range. Thus, the district court judge did not need to say a word about § 3553(a)(6)'s application in this case to satisfy the procedural requirement that he give that factor "meaningful consideration."

Reyes-Medina next complains that the district court judge failed to consider his arguments made under § 3553(a)(5). That subsection requires a sentencing court to consider "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). At the sentencing hearing, the district court judge referred to this provision as "a historical relic because that was applicable only at a time when the [s]entencing [g]uidelines themselves were mandatory and, therefore, when they contain policy statements, they were considered by a different standard. That is no longer true because the whole thing is advisory." Reyes-Medina cries foul, arguing that, even in the post-*United States v. Booker* world where the guidelines are advisory, *see* 543 U.S. 220, 245 (2005), a sentencing court must still give pertinent policy statements "'respectful consideration.'" *Pepper v. United States*, 131 S. Ct. 1229, 1247 (2011) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)). But a fair reading of the district court judge's statement shows that he was merely confirming the post-*Booker* reality that the guidelines are no longer mandatory. This is especially true with respect to policy statements—even before the *Booker* decision made the guidelines advisory, the U.S. Sentencing Commission called

" 'policy statements' . . . merely 'advisory' and hence 'non-binding.' " *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011) (quoting, *inter alia*, *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005)). *A fortiori*, now, when the entire guidelines are only advisory, the parts of the guidelines that were non-binding even before *Booker*—e.g., policy statements—"are intended to be given even less consideration by sentencing judges." *Id.* The district court judge's comment on the policy-statement factor in § 3553(a)(5) is consistent with how the guidelines are now construed.

Nevertheless, because § 3553(a) still requires some consideration of pertinent policy statements, a sentencing judge must "say *something* that enables the appellate court to infer that he considered [pertinent policy statements]." *Id.* at 860 (citations omitted). Reyes-Medina contends that the judge did not explicitly mention or address two specific policy arguments made by Reyes-Medina at sentencing: an argument about the efficacy of probation or a split sentence as a deterrent, and an argument concerning Reyes-Medina's personal characteristics and circumstances. At the outset, it is important to note that we have never required a sentencing judge to recite "chapter and verse" of the pertinent policy statements that he considers. *Id.* Instead, "[a] short explanation will suffice where the context and record make clear the reasoning underlying the district court's conclusion." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008) (citation omitted). Here, it is clear from the totality of the judge's statements that he considered and discounted both policy arguments.

After Reyes-Medina's counsel argued at length for probation or a split sentence, the district court judge rejected the idea that a non-custodial sentence was appropriate in this case, stating that "I don't find any of the arguments in support of that to be convincing." His reason for rejecting Reyes-Medina's argument was evident: the judge noted that this was a special case because the underlying offense involved a "very substantial drug transaction." In a nod to the volume of drugs and drug-related paraphernalia found on Reyes-Medina's property after the arrest, the judge then noted that this was not "an isolated transaction . . . whose significance ought to be downplayed." Accordingly, the judge stated that "when we look again at the underlying offense that has given rise to the ultimate superseding information, the idea of saying, well, this one is now probationable because of the fact that it has been converted to phone charges is really not very convincing." This explanation adequately addresses Reyes-Medina's argument for probation or a split sentence.

Reyes-Medina also claims that the judge failed to consider his personal characteristics—specifically, his strong family ties and responsibilities and his impressive employment record. But it is clear in the record that the judge considered this argument in his sentencing decision. After defense counsel outlined Reyes-Medina's personal characteristics—along with the rest of his arguments—the judge noted that he did not find any of those arguments convincing as mitigating influences on Reyes-Medina's sentence. Again, the judge's reasoning for discounting Reyes-Medina's argument was

sound: the seriousness of the underlying offense trumped
the positive aspects of his personal characteristics.

In sum, the district court adequately addressed all
of Reyes-Medina's arguments under the § 3553(a) factors
and otherwise followed the correct sentencing pro-
cedure in handing down Reyes-Medina's sentence.


### B.  Reasonableness of Sentence

Reyes-Medina also argues that the district court erred
by failing to consider his argument that the guidelines
establish a presumption of concurrent sentences and,
moreover, that defendants in other districts who were
convicted on telephone counts routinely receive concur-
rent sentences—not consecutive sentences. "A sentence
is reasonable if the district court gives meaningful con-
sideration to the factors enumerated in 18 U.S.C. § 3553(a),
including the advisory sentencing guidelines, and ar-
rives at a sentence that is objectively reasonable in
light of the statutory factors and the individual circum-
stances of the case." *United States v. Shannon*, 518 F.3d 494,
496 (7th Cir. 2008) (citing *Gall*, 552 U.S. at 49-50; *United
States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007)). A
sentence within the guidelines range is presumed rea-
sonable. *Pulley*, 601 F.3d at 664 (citations omitted).

It is clear that the district court judge duly considered
and rejected Reyes-Medina's argument. The judge ob-
served that

> when we are dealing with something that on its own
> in [g]uideline terms would create an advisory range

and that would not adequately be accounted for by concurrent sentences, the Court is certainly free and I think in candor obligated to consider the consecutive aspect in order to accomplish what the purposes of [§] 3553 would otherwise require.

After discussing the § 3553(a) factors and noting the seriousness of the underlying facts of the case, the judge determined that "a consecutive sentence of some type is called for . . . [because a concurrent sentence] would be totally inadequate to deal with the factors as I have outlined them." The judge's analysis is consistent with section 5G1.2(d) of the U.S. Sentencing Guidelines Manual: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." By imposing a consecutive sentence of 48 and 39 months' imprisonment on Counts 1 and 2, respectively, the judge imposed a total term of imprisonment that fell at the bottom of the properly calculated 87-to-96-month guidelines range. That calculation is entitled to a presumption of reasonableness that Reyes-Medina has not rebutted.

Supposing that the district court judge had imposed a concurrent sentence, Reyes-Medina's total period of imprisonment would have been 48 months—39 months below the guidelines range. Given such a large variance, the district court judge would have been "required to enunciate persuasive reasons, based on the factors in

section 3553(a), for the variance." *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (citing *Gall*, 552 U.S. at 50; *United States v. Omole*, 523 F.3d 691, 698 (7th Cir. 2008)). It is evident that such persuasive reasons are absent here—particularly given the underlying facts. Defense counsel implicitly acknowledged as much at the sentencing hearing: "I don't know what the Court is going to do about concurrent or consecutive sentences. You could go either way." Accordingly, the district court did not abuse its discretion in sentencing Reyes-Medina to 87 months' imprisonment.

## III.

The district court followed proper sentencing procedures and, after thoroughly considering Reyes-Medina's arguments and applying the § 3553(a) factors, imposed a guidelines sentence that was objectively reasonable. We therefore AFFIRM the judgment of the district court.