NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013
Decided April 1, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1112

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff–Appellee,* <br><br> *v.* <br><br> DARIUS LAMAR JIGGETTS, <br> *Defendant–Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:11-CR-00084(01)RM <br><br> Robert L. Miller, Jr., <br> *Judge.* |

**O R D E R**

Darius Jiggetts entered a bank in South Bend, Indiana, wearing a bandana over his face, pulled a gun from the waistband of his pants, and stole over $12,000. He later was caught after the grandmother of a girl thought to be Jiggetts's daughter identified him from TV news coverage. A jury found Jiggetts guilty of bank robbery, 18 U.S.C. §§ 2113(a), and possessing a firearm during a crime of violence, *id.* § 924(c), after the government presented the testimony of the grandmother, Jiggetts's uncle, another inmate to whom he had confessed, and more than a dozen eyewitnesses. The district court calculated a total offense level of 23 and criminal-history category of IV, yielding a guidelines imprisonment range of 154 to 171 months (70 to 87 months for the robbery plus 84 months consecutive for brandishing a firearm during the robbery, *see id.* § 924(c)(1)(A)(ii)). The court imposed a total sentence of 171 months' imprisonment. Jiggetts filed a notice of appeal, but his newly

appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Jiggetts opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Jiggetts's response, which alludes to an argument that his trial lawyer should have sought a competency hearing. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers challenging the sufficiency of the evidence, particularly the evidence identifying Jiggetts as the robber and linking him to a gun. Jiggetts echoes this discussion in his response. But this challenge, counsel rightly concludes, would be frivolous. Numerous eyewitnesses, including two who knew him personally, identified Jiggetts after seeing him during the robbery or in surveillance photos. And when the police found Jiggetts, his fingers were stained pink from the residue of the dye packs included in the stolen money, and he was wearing a bracelet visible on the robber in surveillance videos. He also confessed to a friend who was in jail with him while Jiggetts awaited trial. Moreover, although the gun used during the robbery was not recovered, four witnesses saw Jiggetts remove it from his pants and point it at others during the robbery. *See United States v. Moore*, 25 F.3d 563, 568 (7th Cir. 1994); *United States v. Buggs*, 904 F.2d 1070, 1076 (7th Cir. 1990); *United States v. Garcia-Hernandez*, 530 F.3d 657, 662–63 (8th Cir. 2008).

Next, counsel discusses a challenge to the reasonableness of Jiggetts's prison sentence but properly concludes that this challenge would be frivolous. The district court imposed a sentence within the guidelines range, making the sentence presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Reyes-Medina*, 683 F.3d 837, 843 (7th Cir. 2012). Counsel has not identified any reason to set aside this presumption, nor can we. The court discussed the serious nature of Jiggetts's crime; his threatening and intimidating manner; the societal interest in punishing him; and the needs to protect the public, promote respect for the law, and deter him and others from future crime. *See* 18 U.S.C. § 3553(a).

Counsel and Jiggetts last consider arguing that the defendant's trial lawyer provided ineffective assistance. According to appellate counsel, Jiggetts proposes to argue that the lawyer should have cross-examined the witnesses who identified him in a photo lineup and should have challenged the lineup itself. But trial counsel *did* cross-examine those witnesses and *did* challenge the lineup procedure. Jiggetts also hints that he has a brain injury that should have prompted the lawyer to request a competency hearing. But, in fact, counsel engaged a clinical psychologist who interviewed Jiggetts and wrote an extensive report that counsel discussed at length in a sentencing memorandum. Missing from the discussion, however, is any notion that Jiggetts's condition would prevent him from understanding the proceedings or assisting with his defense. *See United States v. Andrews*, 469 F.3d 1113, 1117 (7th Cir. 2006); *United States v. Collins*, 949 F.2d 921, 927 (7th Cir. 1991). At all events, a claim

of ineffective assistance, on whatever theory, is best left for a postconviction proceeding where the record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Spence*, 450 F.3d 691, 694 (7th Cir. 2006).

Counsel's motion to withdraw is **GRANTED**, Jiggetts's request for substitute counsel is **DENIED**, and the appeal is **DISMISSED**.