In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3326

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONALD TOWNSEND,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 CR 488—**John F. Grady**, *Judge*.

ARGUED JULY 9, 2013—DECIDED JULY 26, 2013

Before EASTERBROOK, *Chief Judge*, and POSNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. At age 43 Ronald Townsend
robbed a bank. Thirty-six days later he robbed a payday
lender. The first time he put the victims in fear by pre-
tending to have a gun and threatening to use it. The
second time he carried a gun. He pleaded guilty to vio-
lating 18 U.S.C. §2113(a) and was sentenced to 41 months'
imprisonment, the low end of the range calculated
under the Sentencing Guidelines.

Townsend asked the district judge to give him a sentence below the range. His argument was based on U.S.S.G. §5K2.20, which says that a judge may "depart" from a range when the defendant's behavior was aberrant. Townsend had lived a law-abiding life until he got into financial distress that he wanted to hide from his family. He acknowledged that coping with reverses by robbing banks was a terrible choice but asked the judge to deem his crimes aberrant. The judge said that he understood why Townsend had committed the crimes but observed that it is essential to enforce the criminal law in order to deter people from dealing with economic hardship by turning to bank robbery. The judge explained that §5K2.20 is limited to persons who commit solitary crimes; Townsend robbed two financial institutions, more than a month apart, and so was outside the escape hatch created by §5K2.20.

Policy statement 5K2.20(b) says that departure may be appropriate for a defendant who "committed a single criminal occurrence or single criminal transaction" that was a "marked deviation" from his prior law-abiding life. Townsend wants us to read "single criminal transaction" as equivalent to "multiple crimes with a single motivation." That would be pushing things, to say the least. Application Note 2 provides that a fraudulent scheme does not qualify, because it entails multiple crimes—and the district judge sensibly observed that people who conduct fraudulent schemes usually do so with a single plan and a single motive. We held in *United States v. Hudspeth*, 42 F.3d 1015 (7th Cir. 1994) (en banc), that three robberies committed on a single day

were on "occasions different from one another" for the purpose of the Armed Career Criminal Act, 18 U.S.C. §924(e)(1), because the perpetrator could have stopped after the first crime. Robberies 36 days apart are even harder to describe as a "single criminal transaction".

But we need not decide, because the answer does not matter. Policy statement 5K2.20 deals with departures from the Guidelines, and *United States v. Booker*, 543 U.S. 220 (2005), made departures obsolete. The Guidelines are no longer binding; judges can use their own penal philosophies. See *Spears v. United States*, 555 U.S. 261 (2009); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc). Judges must start by correctly calculating the Sentencing Commission's recommended range. See *Rita v. United States*, 551 U.S. 338, 351 (2007); *Gall v. United States*, 552 U.S. 38, 49 (2007). This benchmark helps to prevent unwarranted disparities. 18 U.S.C. §3553(a)(6). Once the range has been determined, the sentence depends on the judge's reasonable application of the criteria in §3553(a), not on the Sentencing Commission's recom-mendations about departures in the pre-*Booker* world. See *United States v. Reyes-Medina*, 683 F.3d 837, 841–42 (7th Cir. 2012); *United States v. Moreno-Padilla*, 602 F.3d 802, 811 (7th Cir. 2010); *United States v. Vaughn*, 433 F.3d 917, 923–24 (7th Cir. 2006). See also, e.g., *United States v. Diosdado-Star*, 630 F.3d 359, 364–66 (4th Cir. 2011); *United States v. Gutierrez*, 635 F.3d 148, 153 (5th Cir. 2011). There is no point spending time on the fine details of the out-dated rules limiting departures.

We can imagine situations in which a judicial error related to one of the policy statements in the §5K2 range would be a ground of reversal after *Booker*. There would be a problem, for example, if a district judge thought that, because a defendant does not qualify for a departure under a policy statement, the judge is *forbidden* to consider that circumstance. That would treat a policy statement as mandatory, in violation of *Booker* and later decisions such as *Spears* and *Corner*.

Similarly there would be a problem if the judge refused to entertain an argument based on one of the Commission's policy statements. Many of these elaborate on considerations pertinent to application of §3553(a). A district judge must listen to the defendant's position and explain, if he disagrees with it, why a serious argument has been rejected. See, e.g., *United States v. Grigsby*, 692 F.3d 778 (7th Cir. 2012) (distinguishing serious from routine or boilerplate arguments). That a defendant's argument rests on a policy statement does not mean that a judge can ignore it.

There would also be a problem if the judge believed that the grounds of departure in Chapter 5 exhaust the circumstances potentially relevant to variance from the Guidelines; that would violate *Booker*'s holding that §3553(a), and not the Guidelines, supplies the legally controlling list of considerations.

Townsend does not contend that the district judge made any of these blunders. His sole contention is that the judge misunderstood the meaning of "single criminal transaction" in §5K2.20.

The sentencing transcript shows that the judge gave thoughtful consideration not only to §5K2.20 but also to the possibility, independent of §5K2.20, that Townsend's crimes were aberrational. The judge remarked on Townsend's "lifetime of rectitude and hard work, devotion to family and a course of conduct that can really only be described as exemplary." The judge thought deterrence of others to be the most important of the criteria in §3553(a), a permissible assessment, and stated that he selected the low end of the range because "I think [this] will take account of the previous law-abiding life of the defendant". The district judge's sentence was reasonable and his approach free from legal error.

AFFIRMED