NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued August 7, 2013
Decided August 9, 2013

## Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 13-1466 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| MATTHEW SMITH-MECK, *Defendant-Appellant*. | No. 11 CR 493 Elaine E. Bucklo, *Judge*. |

## Order

After 20 years of service in the Marine Corps, from which he retired as a major at age 50, Matthew Smith-Meck went to work for Northrop Grumman. He discovered that the firm did not carefully review his expense reports and began to charge personal expenses to a company-issued credit card. By the time he was caught (2½ years later) and fired, he had stolen more than $215,000 from his employer. He then applied for a job that required a security clearance. In seeking that clearance, he denied ever having been fired from any job or ever misusing a company credit card.

Smith-Meck pleaded guilty to mail fraud, 18 U.S.C. §1341, and making false statements to an agency of the United States, 18 U.S.C. §1001(a)(2). The district court calculated his range under the Sentencing Guidelines at 21 to 27 months and imposed a 21-month sentence. Smith-Meck concedes that the calculation was correct yet nonetheless maintains that his sentence is unreasonably high. He contends, indeed, that any imprisonment would be excessive.

He argued in the district court that his conduct was aberrant (coming as it did after a lifetime of law-abiding conduct) and caused by post-traumatic stress disorder. He attributes that condition not to his military service but to abuse by his wife, who Smith-Meck contends threatened to kill him, going so far as to point guns at him and attack him with a nightstick (which cracked one of his ribs). The district judge explained that his crimes, which involved repeated transgressions, could not be characterized as aberrant. That conclusion has since been approved by this court. *United States v. Townsend*, No. 12-3326 (7th Cir. July 26, 2013). And the judge stated that post-traumatic stress disorder could not explain a years-long course of fraudulent conduct. The judge thus discussed each of the circumstances on which Smith-Meck relied. A sentencing judge's obligation to acknowledge and address the defendant's principal contentions does not imply a need to agree with the defendant's position. The district judge did not abuse her discretion by rejecting Smith-Meck's arguments for a lower sentence.

On appeal, Smith-Meck contends that the district judge erred by not taking his military service into account. See U.S.S.G. §5H1.11. There are two problems with that contention. First, he did not ask the district judge to do so. Second, the judge did discuss the subject, which may explain why she selected the bottom of the Guidelines range. Although his military record surely deserved credit, the fact that he lied to obtain a security clearance cuts against him. Smith-Meck's own position is that his mental condition has rendered him an inveterate liar, willing to abuse his employer's trust for his own gain. He should have been well aware that a person with these attributes is unfit for a security clearance; he could present a danger to the nation if given a position in which he was entrusted with secrets. Under the circumstances, his 21-month sentence is reasonable.

AFFIRMED