**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019
Decided June 4, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2651

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:15-cr-16 |
| DOUGLAS M. VEACH, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

Douglas Veach pleaded guilty to possessing with intent to distribute 500 or more grams of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); carrying a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c); and possessing a firearm as a felon, *id.* § 922(g)(1). The district court imposed a below-guidelines prison sentence and five years of supervised release. Veach filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Veach opposes counsel's motion. *See* CIR. R. 51(b). Counsel's submission explains the nature of the case and addresses the issues that an appeal of this kind would be expected to involve. Because the analysis appears thorough, we limit

our review to the subjects that counsel discusses plus the issues that Veach identifies in his response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Police officers obtained an arrest warrant alleging parole violations and arrested Veach as he left a hotel carrying a duffel bag. The officers discovered a gun and two pounds of methamphetamine in the bag. Veach moved to suppress these items on the ground that the warrant was invalid—he argued that, at the time of the arrest, he had already been served with a valid arrest warrant and then freed on bond, and there was no evidence a second arrest warrant had been properly issued. The district court denied his motion, ruling that the arrest warrant was valid and that, even if not, the good-faith exception to the exclusionary rule applied. Veach then unconditionally pleaded guilty, without an agreement with the government. He did not object to the presentence investigation report, and he agreed with the probation officer that he qualified as a career offender because of two prior robbery convictions. *See* U.S.S.G. § 4B1.1. The district court accepted the undisputed Guidelines range of 352 to 425 months' imprisonment and imposed a sentence of 268 months.

Veach now wishes to withdraw his guilty plea, so counsel first considers whether Veach could argue that his plea was not knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Because he did not move to withdraw his guilty plea in the district court, our review would be for plain error. *United States v. Adams*, 746 F.3d 734, 746 (7th Cir. 2014). The transcript of the colloquy reflects that the judge substantially complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Counsel identifies just one omission: although the judge asked Veach if anyone had threatened or forced him to plead guilty, he neglected to query whether Veach's plea "result[ed] from … promises." *See* FED. R. CRIM. P. 11(b)(2). Veach proposes arguing that his plea was not knowing and voluntary because his attorney "promised" him that he still could appeal the denial of his motion to suppress evidence. That advice, if given, was incorrect; Veach waived the right to appeal pretrial rulings with his unconditional plea, and for that reason, as counsel correctly explains, it would be frivolous to challenge the denial of the suppression motion on appeal. *See* FED. R. CRIM. P. 11(a)(2); *United States v. Adigun*, 703 F.3d 1014, 1018–19 (7th Cir. 2012).

Moreover, Veach never attested that he would not have pleaded guilty had the judge asked him about "promises." *See Vinyard v. United States*, 804 F.3d 1218, 1226–27 (7th Cir. 2015) (finding that challenge to guilty plea based on limited record would be frivolous). His unsworn assertion contradicts his under-oath statement that he was pleading guilty voluntarily and is not the "substantial evidence" needed to support a

request to withdraw the plea. Without that evidence, it would be frivolous to argue that the district court's failure to mention "promises" was a plain error rendering Veach's plea unknowing or involuntary. *See United States v. Austin*, 907 F.3d 995, 1000 & n.2 (7th Cir. 2018); *United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016).

Veach's real problem appears to be with the advice of counsel, and, indeed, he wishes to argue on appeal that he would not have pleaded guilty but for the ineffective assistance of his attorney in telling him that he could still appeal the denial of his suppression motion. We do not comment on whether Veach's ineffective-assistance argument lacks merit in the abstract, but it would be certain to fail if raised on direct appeal because there is no record to support it. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *Vinyard*, 804 F.3d at 1226–27. Neither Veach nor his lawyer has submitted evidence about the circumstances surrounding the decision to unconditionally plead guilty. We therefore agree with counsel that Veach's ineffective-assistance argument is best left for a collateral attack. (We also note that there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal. *Massaro*, 538 U.S. at 504.)

Next, counsel considers and rightly rejects a challenge to the district court's conclusion that there was a factual basis for Veach's conviction under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug crime. Veach agreed with the government that he possessed distribution quantities of methamphetamine and that the gun was found with those drugs in the duffel bag that he was holding at the time of his arrest. "That proximity is sufficient to establish a violation of § 924(c)(1)." *United States v. Franklin*, 547 F.3d 726, 732 (7th Cir. 2008); *cf.* U.S.S.G. § 2K2.1 cmt. application n.14(B) (sentencing enhancement for possessing firearm in connection with drug offense applies when firearm "is found in close proximity to drugs").

Counsel also finds no viable challenge to Veach's sentence. Without objection from Veach, the court calculated the guidelines range based on a statutory mandatory consecutive sentence of 60 months for the § 924(c) charge and, for the other two charges, an offense level of 35 and criminal history category of VI because of Veach's career-offender status. *See* 18 U.S.C. § 924(c); U.S.S.G. § 4B1.1(b). Counsel finds no error to raise in connection with this calculation. Further, we would presume that Veach's below-guidelines sentence is reasonable, *see United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017), and counsel cannot identify any ground for overcoming that presumption here. We agree with her assessment. The judge addressed Veach's principal arguments and appropriately considered the factors in 18 U.S.C. § 3553(a) by discussing Veach's criminal history (highlighting the escalating nature of his crimes since he was a

teenager), the nature and circumstances of his offense (commenting that drug offenses are "indeed serious" and affect people in the community), and the need to protect the public by imposing a sufficiently long sentence. *See United States v. Reyes-Medina*, 683 F.3d 837, 842–43 (7th Cir. 2012).

Counsel also considers an argument that the district court reversibly erred by not personally informing Veach that he could allocute. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) provides that the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The district court personally addressed Veach throughout the hearing and allowed him to comment and ask questions. Then Veach's attorney announced that Veach wished to address the court, and Veach allocuted for what amounts to eight pages of the sentencing transcript. He spoke about his lifelong struggle with drug addiction, his family issues, his prior crimes, and his efforts at rehabilitation; he then asked for the minimum sentence. Veach thus had ample opportunity to speak and present relevant information, and it would be frivolous to argue that he did not have the chance to give a meaningful allocution simply because his lawyer, not the district judge, initiated it. *See United States v. Panice*, 598 F.3d 426, 438 (7th Cir. 2010).

Finally, Veach wishes to raise the argument that the district court lacked "subject-matter jurisdiction" because the government never established the injury required for "standing." But in a criminal prosecution, the public, in addition to any specific victim, is the injured party, and the United States has a legitimate interest in the enforcement of its criminal laws on behalf of its citizens. *See Rinaldi v. United States*, 434 U.S. 22, 28 (1977). The district courts, moreover, "have original jurisdiction … of all offenses against the laws of the United States." 18 U.S.C. § 3231.

We GRANT counsel's motion to withdraw and DISMISS the appeal.