In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3587

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEO STOLLER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 1052 — **Virginia M. Kendall**, *Judge*.

ARGUED DECEMBER 7, 2015 — DECIDED JUNE 27, 2016

Before FLAUM, WILLIAMS, and SYKES, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Leo Stoller filed for bankruptcy. In that proceeding, he was asked to list all property that he controlled but did not own. He answered "none," even though he controlled a trust that owned property. He was convicted—after a guilty plea—of bankruptcy fraud, and he was sentenced to 20 months' imprisonment. On appeal, he

attacks the validity of his guilty plea on several grounds. But because he was competent to plead guilty, his plea was not coerced, and the plea colloquy included most of the basics (and Stoller was not prejudiced by any deficiency), we reject his arguments and affirm.

## I. BACKGROUND

### A. Bankruptcy Proceedings

Stoller's mother lived in a house in River Forest, Illinois. The property was owned by a trust; Stoller's mother was the beneficiary. When his mother died, Stoller became the sole beneficiary. The next day, he assigned his beneficial interest to his daughter but reserved a "power of direction" for himself. The "power of direction" gave Stoller certain rights, including one he exercised three times: the right to obtain loans for himself that were secured by the property. 765 ILL. COMP. STAT. § 435/10 (defining "power of direction"). He also directed the trust to rent out the property, and he received the rental income.

In December 2005, Stoller filed for bankruptcy. None of his filings mentioned the River Forest property. A question on one of the forms specifically asked him to "[l]ist all property owned by another person that [he] [held] or control[led]." Under penalty of perjury, he answered "none."

### B. Fraud Prosecution

Stoller was charged with two counts of knowingly and fraudulently concealing property that belonged to a bankruptcy estate, *see* 18 U.S.C. § 152(1), and seven counts of knowingly and fraudulently making a false statement, under penalty of perjury, in a bankruptcy proceeding, *see* 18 U.S.C. § 152(3). Represented by an appointed lawyer, he pled guilty

to one count of making a false statement (and the government dismissed the remaining counts).

Shortly before sentencing, Stoller considered moving to withdraw his plea on the ground that he was not mentally competent when he entered it. His lawyer—who had counseled him through that plea—withdrew, and a new lawyer was appointed. Sentencing was postponed and Stoller was examined by Dr. Robert Heilbronner, a board-certified neuropsychologist affiliated with Northwestern University and the University of Chicago. Dr. Heilbronner concluded that Stoller was competent to plead guilty. After providing the district judge with the doctor's report, Stoller's lawyer told the judge that he would not move to withdraw Stoller's plea on competency grounds. He did, however, move to withdraw the plea based on alleged defects in the plea colloquy. That motion was denied and Stoller was sentenced to 20 months' imprisonment.

## II. ANALYSIS

Represented by a new lawyer on appeal, Stoller repeatedly urges his view that, under bankruptcy law, the River Forest property was not part of his estate. So, he argues, some of the conduct charged in the indictment—namely, failing to disclose the River Forest property—is not a crime, and the indictment should have been dismissed as defective. That argument has an obvious flaw. Stoller answered "none" to a question that asked him about "all property," not "all property that is part of your bankruptcy estate." The indictment charged him with knowingly and fraudulently making that false statement under penalty of perjury, which is a federal offense. *See* 18 U.S.C. § 152(3).

We set that flaw aside because Stoller attacks the indict-ment on other grounds too, arguing the indictment was im-permissibly brought to punish him for his vexatious trade-mark litigation. *See United States v. Batchelder*, 442 U.S. 114, 125 (1979) (discretion regarding which cases to prosecute is "subject to constitutional constraints"). But Stoller pled guilty. As his lawyer conceded at oral argument, Stoller's guilty plea, if valid, waived his current arguments. *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006) (guilty plea waives "all formal defects in the proceedings, including any constitu-tional violations that occurred before the plea was entered"); *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) (guilty plea waives argument that indictment failed to state an offense). So Stoller attacks the validity of his plea, on sev-eral grounds.

"Our review is deferential, recognizing that the district court has significant discretion in accepting or rejecting guilty pleas. We reverse only for an abuse of that discretion." *United States v. Hernandez-Rivas*, 513 F.3d 753, 759 (7th Cir. 2008). Where Stoller attacks his plea on a ground not pre-sented to the district court, we review for plain error. *United States v. Burnside*, 588 F.3d 511, 520 (7th Cir. 2009).

### A. Plea Not Invalid Due to Coercion

On appeal, Stoller argues that he was innocent. His ar-gument is that he could not have "knowingly and fraudu-lently" made a false statement because his bankruptcy fil-ings were completed: (1) by his bankruptcy lawyer, without his knowledge; and, perhaps inconsistently, (2) in reliance on the advice of his bankruptcy lawyer. *See United States v. Van Allen*, 524 F.3d 814, 823 (7th Cir. 2008) ("[A] lawyer's fully informed opinion that certain conduct is lawful (followed by

conduct strictly in compliance with that opinion) can negate the mental state required for some crimes, including fraud."). He says that he only pled guilty because his first appointed lawyer coerced him into doing so, by promising that if he pled guilty he would receive probation only—he would not go to prison. Stoller did not ask the district judge to withdraw his plea on this ground, not even after the allegedly coercive lawyer was replaced, so our review is for plain error.

In the written plea agreement, and again during the plea hearing, the government alleged that Stoller had acted "knowingly and fraudulently" by intentionally concealing his interest in the River Forest property to protect it from his creditors. The judge asked Stoller whether he disagreed with anything in the government's description and he replied, "No, Judge." In the written agreement, and again during the hearing, Stoller swore that his plea was voluntary, rather than coerced. The judge accepted Stoller's plea.

Then, at his sentencing hearing, while not under oath, Stoller stated that he did not think he was guilty of anything and that his lawyer had coerced him into pleading guilty. He did not tell the district judge what he tells us on appeal— that his lawyer promised a probation-only sentence. Instead, his barebones allegation of coercion was completely unexplained. *See Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) (a defendant seeking to withdraw a plea "cannot obtain relief by the expedient of contradicting statements made freely under oath unless there is a compelling reason for the disparity") (*vacated on other grounds*, 544 U.S. 911 (2008)). The judge noted that Stoller's sentencing-stage statements were inconsistent with his prior admission of guilt under oath.

The judge, who observed Stoller at both stages, credited the plea-stage testimony and discredited the conclusory sentencing-stage statements, characterizing the latter as an attempt to minimize his culpability. We defer to that credibility finding, *Hernandez-Rivas*, 513 F.3d at 758, and find no plain error in the judge's acceptance of Stoller's plea (nor in her failure to *sua sponte* vacate the plea as coerced).

### B.  Plea Not Invalid Due to Stoller's Incompetency

A criminal defendant must be mentally competent at the time he enters a guilty plea. *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005). A defendant is competent if he has sufficient "ability to consult with his lawyer with a reasonable degree of rational understanding" and if he "has a rational as well as factual understanding of the proceedings against him." *Id*. Stoller argues on appeal that he has Alzheimer's disease and dementia, and that the district judge erred by not holding a hearing to determine whether Stoller was mentally competent to plead guilty. Because Stoller never *asked* for such a hearing, he must show that the judge erred by not holding one *sua sponte*. Failing to *sua sponte* hold a competency hearing violates due process if, but *only* if, "there is a bona fide doubt that arises as to a defendant's competency before trial." *United States v. Woodard*, 744 F.3d 488, 493 (7th Cir. 2014); *Burt*, 422 F.3d at 564. We review the district court's decision for an abuse of discretion. *Woodard*, 744 F.3d at 493; *United States v. Morgano*, 39 F.3d 1358, 1373 (7th Cir. 1994).

When Stoller sought to plead guilty, the district judge asked his lawyer and the prosecutor whether they had any reason to question his competency; they both said "no". The judge examined Stoller under oath for the explicit purpose of determining his competency. She asked him about his physi-

cal and mental health, living conditions, family, educational background, and interactions with his lawyer. Based on those answers and his demeanor, the judge found him competent. At that point, the judge had no indication that Stoller's competency was in question, so she did not abuse her discretion by failing to hold a competency hearing at or before that point. We consider next whether the judge abused her discretion by not *sua sponte* holding a hearing *after* Stoller's plea was accepted, to determine whether it should be vacated on competency grounds.

When Stoller considered moving to withdraw his plea on competency grounds, the lawyer who had counseled him through that plea withdrew and Stoller was given a new lawyer. The new lawyer had sentencing postponed, collected and analyzed medical records, and had Stoller examined by an independent psychologist, Dr. Heilbronner. Dr. Heilbronner concluded that Stoller was competent to plead guilty and expressed concern that Stoller may have been exaggerating his impairments.[1] The lawyer provided Dr. Heilbronner's report to the judge and informed her that he would not file a motion to withdraw Stoller's plea on competency grounds. Stoller did not ask to have a third lawyer appointed. At this point, it was not an abuse of discretion to conclude that there was not a bona fide doubt as to Stoller's competency.

At sentencing, the district judge, who observed Stoller on multiple occasions, credited his contention that he had "de-

---

[1] Stoller's appellate briefs rely on a conclusory affidavit from another doctor, but that affidavit was not presented to the district judge so she could not have abused her discretion by failing to rely on it.

mentia in the early stages," but agreed with the psychologist that Stoller sought to minimize his culpability and manipulate the legal proceedings by exaggerating his impairments. *Cf. United States v. Rainone*, 32 F.3d 1203, 1207–08 (7th Cir. 2004) (noting that "senile dementia is a progressive disease" and finding no clear error in refusal to hold competency hearing despite "early signs of senile dementia of the Alzheimer's type"). Nothing in Stoller's briefs or our review of the record convinces us that the judge abused her discretion by not holding, at any point, a hearing to determine whether Stoller was competent when he pled guilty.

### C. Plea Not Invalid Due to Inadequate Colloquy

Though Stoller did not move to withdraw his plea on competency grounds, he *did* move to withdraw it on other grounds, namely that the plea colloquy conducted by the district judge failed to satisfy Federal Rule of Criminal Procedure 11(b). A defendant does not have "an absolute right to withdraw a plea," *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005), but may do so if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion, and review any factual findings underpinning that denial for clear error. *United States v. Collins*, 796 F.3d 829, 833–34 (7th Cir. 2015).

The federal rules require that "[b]efore the court accepts a plea of guilty," the court "must address the defendant personally in open court." Fed. R. Crim. P. 11(b). During that address, the court must "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). In his motion to withdraw his plea, Stoller argued

that the judge failed to determine whether any improper promises had induced Stoller to plead guilty. The rules also require the judge to "inform the defendant of, and determine that the defendant understands," fifteen concepts about the defendant's legal proceedings. Fed. R. Crim. P. 11(b)(1). Stoller argued that the district judge failed to mention, and failed to ensure that Stoller understood, five of those concepts:

- the government's right to use any statement the defendant gives under oath against the defendant in a prosecution for perjury or false statement (Rule 11(b)(1)(A));

- the defendant's right to persist in his plea of not guilty (Rule 11(b)(1)(B));

- the defendant's right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding (Rule 11(b)(1)(D));

- the defendant's right to be protected from compelled self-incrimination (Rule 11(b)(1)(E)); and

- the court's obligation, in determining a sentence, to consider possible departures under the Sentencing Guidelines (Rule 11(b)(1)(M)).

The use of Stoller's statements in a prosecution for perjury was not mentioned at all. The other listed concepts and the issue of improper promises were not explicitly addressed one at a time, but each can reasonably be viewed to have been covered by the colloquy taken as a whole. The district

court was correct to note that we do not "mandate a specific format or dialogue to be followed in a Rule 11 hearing." *United States v. Messino*, 55 F.3d 1241, 1254 (7th Cir. 1995). That said, we encourage district judges, prosecutors, and defense lawyers to protect not just the fairness of criminal proceedings, but also the *appearance* of fairness and thoroughness, and to advance judicial economy, by using a checklist for Rule 11 colloquies. We have made this recommendation before. *United States v. Polak*, 573 F.3d 428, 432–33 (7th Cir. 2009) (recommending use of a checklist and the Federal Judicial Center's Benchbook for U.S. District Court Judges). If a thorough model or checklist is used during the colloquy and consulted before the plea is accepted, errors and unnecessary subsequent proceedings can be avoided.

All that said, as the Rule itself makes clear, a deviation from the technical requirements "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). "The harmlessness inquiry naturally should focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir. 2000) (internal quotation marks omitted). "If the defendant is fully apprised of his rights and the consequences of his actions, and he knowingly and voluntarily enters into the entire contents of the plea agreement, the hearing is proper." *Messino*, 55 F.3d at 1254. In other words, "the defendant must show why the omission made a difference to him." *United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007).

Despite his obligation to demonstrate harm, Stoller's motion to withdraw was not supported by any evidence—not

even an affidavit—tending to show that he would not have pled guilty had the colloquy checked all of Rule 11's boxes. Stoller's failure would have justified a summary denial but the district judge issued a thorough written opinion, addressing Stoller's age and educational background, his substantial experience with federal litigation, the fact that he was represented by an experienced attorney when he pled guilty, the length and substance of the plea colloquy, and the detailed written plea agreement (which contained many of the admonitions that were missing from the colloquy, and which Stoller said he reviewed in detail with his lawyer). *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003) (decision whether to permit withdrawal of plea should consider the totality of the circumstances).

The judge found that Stoller: (i) was not being prosecuted for perjury for any statement made at his plea hearing;[2] (ii) understood the judge could deviate from the Guidelines' recommendation; (iii) understood his rights to persist in a not-guilty plea, to be represented by counsel, and to avoid self-incrimination; and (iv) entered his guilty plea voluntarily and not due to any improper promise. Nothing in Stoller's briefs or our review of the record reveals a clear error in these findings. Nor did the judge abuse her discretion in concluding, based on those facts, that Stoller was fully apprised of his rights and the consequences of his actions and any deficiencies in the colloquy were harmless.

---

[2] As the government argued, if Stoller is prosecuted for perjury the proper remedy for the colloquy's defect would be exclusion in the perjury case of statements made during the colloquy in this case. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

**D.  Ineffective Assistance of Counsel**

Sprinkled throughout Stoller's briefs are perfunctory challenges to the constitutional effectiveness of his appointed lawyers. The arguments are undeveloped and unsupported by any evidence. We decline to review these "perfunctory and undeveloped" arguments. *United States v. Manjarrez*, 258 F.3d 618, 626 n.4 (7th Cir. 2001). "We also note that, should [Stoller] wish to pursue his ineffective assistance claim in earnest, such a claim is best brought in a collateral proceeding under 28 U.S.C. § 2255." *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005) (finding ineffective assistance of counsel allegations "too sparse and unsupported to gain any traction" but noting such a claim could be brought in a subsequent § 2255 proceeding); *see Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance").

### III. CONCLUSION

We AFFIRM Stoller's conviction.