**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018
Decided April 12, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2983

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 186-2 |
| TOMASZ KRAWCZUK, *Defendant-Appellant.* | Andrea R. Wood, *Judge.* |

**O R D E R**

Tomasz Krawczuk pleaded guilty to committing mail fraud in violation of 18 U.S.C. § 1341 and was sentenced to eight months' imprisonment and two years' supervised release. His written plea agreement includes express waivers of his rights to appeal his conviction and sentence. He nonetheless filed a notice of appeal. His appellate counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he believes that any appeal would be frivolous. We attempted to give Krawczuk an opportunity to respond to counsel's motion, *see* CIR. R. 51(b), but he did not report to prison and therefore did not receive our notice. Counsel informs us that he does not know Krawczuk's current location and says that he believes the government

considers Krawczuk a fugitive. Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Counsel's analysis appears to be thorough, allowing us to focus on the potential issues he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that he has not been able to ask Krawczuk whether he is satisfied with his guilty plea, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), and therefore evaluates whether Krawczuk could contend that his unconditional guilty plea was not knowing or voluntary. Krawczuk did not ask the district court to allow him to withdraw his guilty plea, so our review of the judge's acceptance of the plea would be for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel addresses three potential challenges to the adequacy of Krawczuk's plea colloquy, but each would be a frivolous assertion of plain error. First counsel evaluates whether Krawczuk could contend that the judge violated Federal Rule of Criminal Procedure 11(b)(1)(A) by not informing him that the government could use his sworn testimony in a prosecution for perjury. But there is no pending or prospective prosecution for perjury; thus any error from this omission is harmless. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Second counsel considers whether Krawczuk could argue that he was not competent to plead guilty. Such a challenge, however, would be pointless because the record contains no evidence suggesting that the district judge should have held a competency hearing. *See United States v. Stoller*, 827 F.3d 591, 596 (7th Cir. 2016). Third counsel asks whether Krawczuk could assert that the judge did not sufficiently describe to him the nature of the mail-fraud charge in violation of Rule 11(b)(1)(G). But "we have recognized the validity of having prosecutors recount the facts which satisfy the elements of the charged offense followed by an admission of those facts by the defendant under questioning by the trial judge." *United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000). That exchange occurred here, so any Rule 11(b)(1)(G) argument would be frivolous.

Counsel next rightly concludes that a challenge to the sentence would frivolous. Counsel correctly notes that in pleading guilty Krawczuk explicitly waived his right to appeal his sentence. Given that Krawczuk can present no non-frivolous challenge to the validity of his plea, we agree with counsel that it would be futile for him to argue that this waiver is not enforceable and that he can attack his sentence. *See United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010). And neither we nor counsel can identify

anything in the record to support any of the narrow exceptions to a valid appeal waiver. *See United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014) (exceptions for sentences (1) based on constitutionally impermissible criteria, (2) above the statutory maximum, (3) imposed without adequate procedure, or (4) negotiated by ineffective counsel).

In addition to the above obstacles to an appeal, Krawczuk must contend with the fugitive-disentitlement doctrine. This doctrine holds that a court may, in its discretion, dismiss an appeal when the party seeking relief is a fugitive. *See Degen v. United States*, 517 U.S. 820, 823 (1996). Counsel offers no reason, and we see none, for us to exercise our discretion in favor of allowing Krawczuk's appeal to proceed while he is a fugitive. The absence of such a reason is yet another reason that the appeal would be frivolous.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.