NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018
Decided November 27, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3085

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 443 |
| KEVIN J. DAVIS, *Defendant-Appellant.* | Virginia M. Kendall, *Judge.* |

**O R D E R**

Kevin Davis pleaded guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district judge sentenced him to 46 months in prison, the bottom of the guidelines range of 46 to 57 months, and three years of supervised release. In his plea agreement, Davis waived his right to appeal any issue except "the validity of [his] plea of guilty and the sentence imposed." Davis appealed, but his appointed lawyer asserts that the appeal is frivolous and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Davis to respond to counsel's motion, *see* 7TH CIR. R. 51(b); although he did not file anything with the court, he apparently told his lawyer the arguments he wishes to raise. Counsel's brief explains

the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects counsel raised on Davis's behalf. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not explore potential challenges to Davis's guilty plea because he "consulted Mr. Davis as to whether he wished to appeal" and "the only issue [Davis] sought to raise was the sentence imposed by the Court." *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel does not expressly state that he *both* consulted with Davis and "provide[d] advice about the risks and benefits" of challenging the plea as *Konczak* requires. 683 F.3d at 349. Counsel's oversight is harmless, however, because according to our review, the judge substantially complied with Rule 11 of the Federal Rules of Criminal Procedure.

Because Davis did not move in the district court to withdraw his guilty plea, we would review his plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). An error is reversible if it affected Davis's substantial rights. *Id.* Here, the judge omitted some parts of the Rule 11 colloquy, *see* FED. R. CRIM. P. 11(b), because she did not inform Davis that he would be partially waiving the right to appeal (Rule 11(b)(1)(N)) or that noncitizens may be removed from the United States if convicted (Rule 11(b)(1)(O)). But these omissions did not prejudice Davis because this omitted information was in his plea agreement, which he testified that he reviewed with counsel and understood. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014). The judge also did not apprise Davis of the government's right to use any false statement under oath at the plea hearing against him (Rule 11(b)(1)(A)). But there is no pending or prospective prosecution against Davis for perjury, so this omission was harmless. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016).

Finally, the judge did not advise Davis of his right to persist in his plea of not guilty (Rule 11(b)(1)(B)). But Davis had already pleaded not guilty as an initial matter, and during the plea colloquy, the judge informed him of all of the trial rights that he would waive by pleading guilty; he could not claim to have been ignorant of his right to trial. *See Knox*, 287 F.3d at 670. An argument that Davis's plea was not knowing and voluntary would be frivolous. *See Konczak*, 683 F.3d at 349.

Counsel first questions whether Davis could challenge the judge's use of the 2016 Sentencing Guidelines Manual. The judge must apply the guidelines in effect at the

time of sentencing or at the time of the offense, whichever provides a lower sentencing range. *See United States v. Gill*, 824 F.3d 653, 657–58 (7th Cir. 2016) (citing *Peugh v. United States*, 569 U.S. 530, 533 (2013)). The 2015 version was in effect at the time Davis committed the crime, while the 2016 version was in effect at the time of his sentencing. Both yield the same sentencing calculation, so we agree that an appeal on this ground would be frivolous.

Counsel rightly rejects a potential challenge to the procedural soundness of Davis's sentence. Counsel explains that the judge correctly calculated the guidelines and properly discussed each relevant sentencing factor under 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007). And counsel does not spot any other potential procedural errors. *See United States v. Lockwood*, 840 F.3d 896, 900 (7th Cir. 2016) (listing recognized procedural errors).

Next, we agree with counsel that it would be frivolous to challenge the substantive reasonableness of Davis's sentence, which is at the low end of the applicable guidelines range. We presume that a sentence within that range is substantively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel cannot identify any error in the judge's application of the sentencing factors under § 3553(a) that possibly could rebut the presumption of reasonableness.

Counsel lastly evaluates whether Davis could complain about the imposition of supervised release. We first note that a challenge to any condition of supervised release would be frivolous because in his plea agreement, Davis waived his right to challenge the conditions. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016). Further, as counsel explains, challenging the imposition of supervised release also would be frivolous. Davis did not object to the imposition of supervised release in the district court, so we would only review for plain error. *See United States v. Poulin*, 809 F.3d 924, 930 (7th Cir. 2016). The district judge related the term of supervised released to the § 3553(a) sentencing factors, the term does not involve a greater deprivation of liberty than is necessary, and the term is consistent with the need for deterrence, rehabilitation, and protection of the public. *See United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015). There is no nonfrivolous argument to make about supervised release.

Counsel also informs us that Davis wants to raise two arguments about his sentence—namely, "that the district court did not adequately consider and did not give adequate weight to his mitigation arguments." Counsel then represents that "[e]ach argument will be addressed in turn." But no substantive discussion follows. We cannot

entirely fault counsel for his cursory treatment of these two potential arguments; in the *Anders* context, the defendant is responsible for informing us about any potential arguments he wishes to make beyond those counsel identifies. *See* 7TH CIR. R. 51(b). However, because we know that Davis wants to raise these arguments, we briefly consider whether they would be frivolous.

Based on counsel's brief, it appears that Davis would argue that the judge did not adequately consider his argument that he should receive "credit" in the form of a lower sentence for the time that he served in county jail before being federally indicted. A sentencing court must consider a defendant's principal argument in mitigation. *See United States v. Modjewski*, 783 F.3d 645, 654 (7th Cir. 2015). Counsel tells us simply that the judge "discussed both aggravating and mitigating factors." We note that the judge announced that she was sentencing Davis to the bottom of the guidelines range because with his previous time in custody added on top, he would effectively serve a sentence in the middle of his guidelines range—the result the judge wanted. The judge found a mid-range sentence appropriate because of the nature of the offense and Davis's criminal history. Thus, the judge did explicitly address the time Davis had served in state custody when fashioning the sentence and simply disagreed that it should result in a lower sentence. It would be frivolous to argue that she did not sufficiently consider giving Davis credit for time served.

It next appears that Davis would argue that the judge put too much emphasis on his criminal history and gave too little weight to other mitigating factors—he grew up without a father in a high crime area and felt pressure from his peers to engage in criminal activity. Counsel says that the sentence at the low end of the guidelines range belies this argument. We would add that the judge's discussion of the sentencing factors does not suggest overreliance on any one factor. The judge first acknowledged that Davis's neighborhood while growing up was replete with drug dealing. But she then noted that his mother is a good role model, that Davis should have been the male role model in his son's life that Davis lacked in his own, and that Davis was lucky that based on his criminal history, he was not considered a career criminal. After weighing Davis's mitigating arguments with his criminal history and the nature of the offense, the judge ultimately was unpersuaded to impose a lower sentence, which was well within her discretion. *See United States v. Jones*, 696 F.3d 695, 701–02 (7th Cir. 2012). Thus, it would be frivolous to argue that the judge erred by giving too much weight to Davis's criminal history.

We GRANT counsel's motion to withdraw and DISMISS the appeal.