**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1616

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-30041-001 |
| MARK E. MILLER, *Defendant-Appellant.* | Richard Mills, *Judge.* |

**O R D E R**

While serving in the United States Army Corps of Engineers in Afghanistan, Mark Miller illegally solicited approximately $330,000 from local contractors in exchange for promises that the United States government would continue working on road-construction projects. Without the benefit of a plea agreement, Miller pleaded guilty to seeking and receiving bribes, 18 U.S.C. § 201(b)(2)(A), and the district court imposed a below-guidelines sentence of 100 months' imprisonment and 3 years' supervised release. Miller has filed a notice of appeal, but his lawyer moves to withdraw, arguing that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Miller has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's

analysis appears thorough, we limit our review to the subjects that she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel notes that Miller wishes to withdraw his guilty plea, and therefore first considers whether Miller could challenge the voluntariness of the plea under Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel points out two omissions in the district court's plea colloquy, but correctly concludes that both are harmless. First, the district court failed to warn Miller that his statements could be used in a future perjury prosecution. *See* FED. R. CRIM. P. 11(b)(1)(A). This omission did not affect Miller's substantial rights, though, because there is no current or prospective prosecution against him. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016). Second, the court did not ask Miller if he had been threatened into entering a guilty plea. *See* FED. R. CRIM. P. 11(b)(2). But this omission is also harmless because the court confirmed that Miller had not received "promises or assurances … in order to get [him] to plead guilty," that he had not been "force[d] … to plead guilty," and that he was, "in fact, guilty."

Next, counsel considers whether Miller could challenge the court's calculation of an advisory guidelines range of 121 to 151 months' imprisonment, but properly rejects such a challenge as frivolous. The court correctly assessed Miller's offense level at 31 (which included a base offense level of 14 because Miller was a public official, *see* U.S.S.G. § 2C1.1(a)(1), and enhancements for accepting "more than one bribe," *see id.* § 2C1.1(b)(1), accepting bribes exceeding $250,000, *see id.* § 2B1.1, accepting bribes as a public official in a "high-level … position," *see id.* § 2C1.1(b)(3), and writing a recommendation for a visa applicant on Army Corps stationary, *see id.* § 2C1.1(b)(4)). The court also rightly found a criminal history category of II because Miller received bribes while on probation for a previous driving-under-the-influence conviction. *See* U.S.S.G. §§ 4A1.1(c), (d).

Finally, counsel considers whether Miller could argue that his below-guidelines sentence was substantively unreasonable. This court reviews the substantive reasonableness of a below-guidelines sentence under an abuse-of-discretion standard with the presumption that the sentence is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here, the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing the 100-month sentence. *See United States v. Jackson*, 860 F.3d 438, 449 (7th Cir. 2017). It characterized the offense as "particularly troubling," given Miller's repeated abuse of his position over six years, and it explained that "a serious

penalty" was needed to "help deter others who might engage in this or similar illegal activity." Then, telling Miller that he had made "one of the finest allocutions" it had ever heard, the court addressed mitigating factors like Miller's acceptance of responsibility, his "very troubled childhood" filled with abuse, his post-traumatic stress disorder, and the wartime conditions. In light of this explanation, we agree with counsel that it would be frivolous to argue that the sentence was substantively unreasonable.

We GRANT the motion and DISMISS the appeal.