**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019
Decided November 4, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1522

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:18CR00077-003 |
| RYAN WITTER, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

Ryan Witter pleaded guilty to conspiracy to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. The district judge sentenced him to 126 months of imprisonment—below the Sentencing Guidelines range of 168 to 210 months—and three years of supervised release. Witter appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Witter to identify potential issues for appeal, *see* CIR. R. 51(b), but he did not do so. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

While on extended supervision for an earlier drug conviction in Wisconsin, Witter began trafficking methamphetamine. He started by fronting two ounces to a drug dealer whom he met in prison. He then connected the dealer with his mother, who lived in California and had access to wholesale quantities of methamphetamine. Witter directed his mother to mail packages of methamphetamine to Wisconsin, where it was sold by several dealers. In return, an accomplice wired money to Witter and his family.

While the conspiracy was ongoing, Witter was arrested for possession of methamphetamine, and his supervision was revoked. He nonetheless continued to participate in the conspiracy. Prison officials recorded several phone calls in which he organized drug shipments and coordinated the transfer of money to his family.

Witter was then federally charged with, and pleaded guilty to, conspiracy to distribute methamphetamine. A probation officer prepared a presentence investigation report, estimating that Witter was responsible for at least 24 ounces, or 680.4 grams, of methamphetamine. The amount placed him at a base offense level of 30. *See* U.S.S.G. § 2D1.1(a)(5), (c)(5) (for quantities of 500 grams to 1.5 kilograms). The officer then applied a three-level upward adjustment under § 3B1.1(b) for Witter's role as a "manager or supervisor" of the conspiracy, and a three-level downward adjustment under § 3E1.1 for his acceptance of responsibility. Witter's offense level and criminal history category of VI resulted in a recommended range of 168 to 210 months of imprisonment. (He was also a career offender, but his total offense level was higher under § 2D1.1. *See* U.S.S.G. § 4B1.1(b).) Witter objected to the drug amount and the manager enhancement, but the district court overruled both objections and adopted the PSR's calculation of the guidelines range. The court then sentenced Witter to 126 months of imprisonment, 42 months below the applicable range.

Counsel does not explore potential challenges to Witter's guilty plea because he "thoroughly discussed with Mr. Witter the issues that Mr. Witter could raise on appeal," and "[Witter] has not indicated a desire to withdraw his plea." But counsel does not state whether he "provide[d] advice about the risks and benefits" of challenging the plea and specifically confirmed that Witter does not want to withdraw it. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel's oversight is harmless, however, because according to our review, the district judge substantially complied with Federal Rule of Criminal Procedure 11 before accepting the guilty plea.

Witter did not move in the district court to withdraw his guilty plea, so we would review his plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Under this standard, an error is reversible if it affected Witter's substantial rights. *Id.* Here, the district court omitted some parts of the Rule 11 colloquy. *See* FED. R. CRIM. P. 11(b). The court did not inform Witter that he would be subject to a special assessment (Rule 11(b)(1)(L)), but this omission did not prejudice Witter because it was included in his plea agreement, which the government summarized at the plea hearing, and which Witter testified that he reviewed with counsel and understood. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014). The court also did not apprise Witter of its authority to order restitution (Rule 11(b)(1)(K)), that non-citizens may be removed from the United States if convicted (Rule 11(b)(1)(O)), or of the government's right to use any false statement given under oath against him (Rule 11(b)(1)(A)). But none of those provisions pertain to Witter: the court did not order Witter to pay restitution, Witter is a United States citizen, and there is no prospective prosecution against him for perjury. So these omissions did not affect Witter's substantial rights, and any argument that Witter's plea was not knowing and voluntary would be futile. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016).

Turning to the issues counsel discusses, we agree that any challenge to the substantive reasonableness of Witter's sentence would be frivolous. Below-guidelines sentences, like Witter's, are presumed to be reasonable. *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). The district court considered Witter's mitigation arguments that his actions were driven by his own addiction and that one of his accomplices engaged in more egregious behavior. It weighed those arguments, however, against Witter's long criminal history, the harm he caused in his community, and his failure to take advantage of previous opportunities for drug treatment. We agree with counsel that the record presents no basis to disturb the presumption of reasonableness. *See United States v. Banas*, 712 F.3d 1006, 1012 (7th Cir. 2013).

Counsel also considers and rightly rejects a potential challenge to the procedural soundness of Witter's sentence. The district court correctly calculated the guidelines range and properly discussed the relevant § 3553(a) sentencing factors, including the seriousness of the offense, the sentences given to Witter's codefendants, Witter's criminal history, and his need for drug treatment. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although Witter objected to the manager enhancement at sentencing, counsel appropriately concludes that it would be pointless to pursue this issue on appeal. An enhancement under § 3B1.1 is warranted if the defendant was "responsible for organizing others for the purpose of carrying out the crime" or "influenced the criminal

activity by coordinating its members." *See United States v. Dade*, 787 F.3d 1165, 1167–68 (7th Cir. 2015) (internal quotations omitted). In this case, Witter fronted drugs to kickstart the conspiracy, arranged for payments from his coconspirators, and told his mother when and where to send the drugs. The conspiracy could not have existed without his coordination; therefore, it would be frivolous to contend that the district court clearly erred by finding that Witter had a managing or organizing role.

As counsel concludes, it would also be frivolous for Witter to renew his objection to the drug quantity. Drug-quantity calculations under the sentencing guidelines are based on a preponderance of the evidence, and we would reverse a district court's calculation only if we had "a firm and definite belief that the district court has erred." *United States v. Jones*, 900 F.3d 440, 446 (7th Cir. 2018). Here, the district court adopted the PSR's estimate of 24 ounces of methamphetamine (680.4 grams), which was based on evidence of 12 shipments, each containing two to seven ounces. Witter argued that he was not responsible for several of the shipments, either because they came from the wrong address or were made after he was booted from the conspiracy. But Witter's arguments were belied by his accomplice's statements that the shipments came from Witter, and by recordings of phone calls Witter made from prison at the time in question. A defendant must offer more than a "bare denial" of the information in a PSR. *See United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013).

We GRANT counsel's motion to withdraw and DISMISS the appeal.