**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020
Decided February 11, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2050

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-CR-00358(1) |
| JAVIER GONZALEZ-LOZA, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Javier Gonzalez-Loza pleaded guilty to knowingly and intentionally distributing 400 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Gonzalez-Loza to ten years' imprisonment, the statutory minimum sentence for his conviction. 21 U.S.C. § 841(b)(1)(A)(vi). Gonzalez-Loza appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Gonzalez-Loza did not respond to counsel's motion. *See* CIR R. 51(b). Counsel's brief is barely adequate—its analysis is comprised of three short paragraphs and outlines only one possible appealable issue. Yet, because our review of the record reveals no arguable

issues with Gonzalez-Loza's plea or sentence, we agree with counsel's conclusion that an appeal would be futile. *See United States v. Hamzat*, 217 F.3d 494, 501 (7th Cir. 2000).

Counsel says that he does not explore possible challenges to the guilty plea because Gonzalez-Loza "has never expressed a desire to attempt to withdraw his plea of guilty in this matter." But counsel does not state whether he advised Gonzalez-Loza of the risks and benefits of challenging the plea, or whether he specifically confirmed that Gonzalez-Loza does not want to withdraw it. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel's oversight is harmless, however, because our review of the plea-colloquy transcript reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11(b) before accepting the guilty plea. *See Konczak*, 683 F.3d at 349. Gonzalez-Loza did not move to withdraw his plea in the district court, so we would review the plea colloquy for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Under this standard, an error is reversible if it affected Gonzalez-Loza's substantial rights. *See id.* The district court here did omit several provisions from the Rule 11 colloquy, but we conclude that none of these omissions prejudiced Gonzalez-Loza. That said, we once again recommend that district court judges use a checklist that outlines the Rule 11 requirements at every plea colloquy they conduct to avoid these preventable omissions. *See United States v. Zacahua*, 940 F.3d 342, 346–47 (7th Cir. 2019). First, the court neglected to inform Gonzalez-Loza that he could be prosecuted for perjury if he made a false statement under oath, *see* FED. R. CRIM. P. 11(b)(1)(A), but this omission is harmless because no current or prospective perjury prosecution is pending. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016). The court also did not specify the charge to which Gonzalez-Loza was pleading guilty, *see* FED. R. CRIM. P. 11(b)(1)(G), but Gonzalez-Loza affirmed that the plea agreement had been read aloud to him and that he had discussed it with his counsel. Because the plea agreement lists the charge, any claim on this ground would be frivolous. *See United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). And finally, the court did not mention Gonzalez-Loza's right to counsel at trial, *see* FED. R. CRIM. P. 11(b)(1)(D), but Gonzalez-Loza was represented by appointed counsel during the plea colloquy and nothing suggests that he did not understand that counsel would continue to represent him if he proceeded to trial. A claim on this ground would be futile as well. *See United States v. Lovett*, 844 F.2d 487, 492 (7th Cir. 1988).

We turn, then, to the one issue that counsel does discuss: whether Gonzalez-Loza could challenge his ten-year statutory minimum sentence on grounds that the

sentencing guidelines yielded a significantly shorter range of 78 to 97 months (given his base offense level of 27 and criminal history category of II). But a ten-year statutory minimum sentence under 21 U.S.C. § 841(a)(1) has been established by Congress, and the district court has no discretion to issue a lesser sentence based on his offense level or criminal history. *See United States v. Johnson*, 580 F.3d 666, 672–73 (7th Cir. 2009). This challenge would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.