NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021
Decided June 11, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2587

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:19-cr-069 DRL-SLC |
| JUAN M. HERNANDEZ, *Defendant-Appellant*. | Damon R. Leichty, *Judge*. |

**O R D E R**

After selling drugs to a confidential informant, Juan Hernandez pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), in a plea agreement with a broad appeal waiver. The district court sentenced him to 262 months' imprisonment and 5 years' supervised release. Hernandez filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hernandez did not respond to counsel's motion. *See* CIR. R. 51(b). Because counsel's *Anders* brief appears thorough and addresses the issues we would expect to see in an appeal of this kind, we limit our review to the points he raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel reports that he discussed with Hernandez the risks and benefits of challenging the guilty plea, and Hernandez was uncertain whether he wished to withdraw it. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Because Hernandez expressed some interest in withdrawing his plea, counsel discusses whether there is a nonfrivolous ground on which to do so.

First, counsel considers and appropriately rejects arguments that the plea was unknowing or involuntary. Because Hernandez did not move to withdraw his plea in the district court, we would review only for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The district court conducted a detailed plea colloquy that substantially complied with FED. R. CRIM. P. 11 and convinces both counsel and us that the court did not plainly error in accepting the plea. As counsel notes, the court complied with every requirement of Rule 11 except for one: it did not inform Hernandez of the government's authority to order restitution. *Id.* 11(b)(1)(k). But that omission was harmless, *id.* 11(h), because no restitution was ordered. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016).

Counsel next discusses whether Hernandez could plausibly argue that he is entitled to withdraw his plea because the prosecutor breached the plea agreement. After promising in writing to recommend a sentence at the bottom of the guidelines range, the government primarily argued at the sentencing hearing that the aggravating factors in Hernandez's conduct outweighed any mitigating factors, although it also acknowledged that it had promised to recommend a low-end sentence. Hernandez did not object to the prosecutor's argument, so we would review for plain error. *See United States v. Wyatt*, 982 F.3d 1028, 1030 (7th Cir. 2020). We agree with counsel that it would be frivolous to argue that the government's equivocation amounted to the "substantial" breach necessary to invalidate a plea agreement. *See United States v. Salazar*, 453 F.3d 911, 913–14 (7th Cir. 2006). In any case, because the court understood the government to be recommending a bottom-of-guidelines sentence and imposed that sentence, Hernandez could not argue that any supposed breach increased his sentence, as would be required to show plain error. *Wyatt*, 982 F.3d at 1030.

Finally, counsel asks whether Hernandez could appeal his sentence, but we agree with counsel that because Hernandez expressly waived his right to do so, any challenge would be frivolous. In the plea agreement, Hernandez waived his right to appeal his conviction, his sentence, or the way his sentence was determined, preserving only his right to claim ineffective assistance of counsel. Before entering Hernandez's guilty plea,

the district court thoroughly explained the waiver. Because this waiver "stands or falls with the underlying guilty plea," *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013), and we have said there is no viable challenge to the plea, the waiver is valid. And counsel rightly rejects any argument that an exception to its enforceability could apply: Hernandez's 262-month prison sentence and 5-year term of supervised release were within the statutory ranges, 21 U.S.C. § 841(b)(1)(A), and the sentencing transcript shows that neither was based on any constitutionally impermissible factors. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016).

We GRANT counsel's motion to withdraw and DISMISS the appeal.