# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 26, 2015        Decided December 1, 2015

No. 12-3084

UNITED STATES OF AMERICA,
APPELLEE

v.

PETER ZAGORSKI, ALSO KNOWN AS PIOTR ZAGORSKI,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cr-00351)

*Jonathan S. Jeffress*, Assistant Federal Public Defender, argued the cause for appellant. With him on the brief was *A.J. Kramer*, Federal Public Defender.

*James A. Ewing*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney at the time the brief was filed, and *Elizabeth Trosman*, *Elizabeth H. Danello*, and *David B. Kent*, Assistant U.S. Attorneys.

Before: SRINIVASAN, *Circuit Judge*, and WILLIAMS and GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Peter Zagorski appeals the sentence he received after pleading guilty to distributing child pornography. Zagorski argues that the district court miscalculated the applicable Sentencing Guidelines range by erroneously applying two provisions: a cross-reference to the guideline governing production of child pornography, U.S.S.G. § 2G2.2(c)(1) (the "cross-reference"), and a two-level enhancement for using a computer to "solicit participation with a minor" in the production or live transmission of child pornography, *id.* § 2G2.1(b)(6)(B) (the "computer enhancement"). We find no error and affirm.

\* \* \*

In October 2011 Zagorski began corresponding via internet chat with a man who claimed to have control over a 12-year-old girl. Unbeknownst to Zagorski, the man was an undercover police detective named Timothy Palchak. After learning that Zagorski had videos of child pornography, Palchak proposed a trade: a live "webcam" show featuring Palchak and the purported minor in exchange for Zagorski's child pornography. Zagorski agreed.

Over the course of approximately three weeks, Zagorski repeatedly expressed interest in the webcam show and discussed sending child pornography to Palchak as payment. Zagorski told Palchak that he wanted the child to appear nude or "wear a skirt and lift[] it few times" on webcam. Joint Appendix ("J.A.") 70. He sent Palchak a total of six videos of child pornography, including three on the day Palchak proposed the trade. On one occasion, Zagorski spoke with the purported minor—impersonated by an FBI agent—on the telephone.

Zagorski was arrested and charged with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). Pursuant to a plea agreement, Zagorski pleaded guilty to the § 2252(a)(2) count and the § 2422(b) count was dismissed at sentencing. In calculating the applicable Guidelines range, the district court applied the cross-reference and the computer enhancement based on Zagorski's efforts to procure the webcam show. Although the resulting calculation yielded an advisory sentence of 240 months (the statutory maximum term) based on an offense level of 39 and a criminal history category of I, the court sentenced Zagorski to 99 months in prison. The court also imposed a 120-month term of supervised release and a $100 special assessment.

At stake here is whether Zagorski is subject to a Guidelines offense level of 37 (with a corresponding advisory sentence of 210-240 months—actually a range of 210-262 months capped by the statutory maximum) or, as the district court found, of 39 (with a corresponding advisory sentence of 240 months—similarly a range, 262-327 months, capped by the statutory maximum). The guideline that usually governs Zagorski's offense of conviction is Guidelines § 2G2.2 (the pornography "distribution guideline"), which with its applicable "offense characteristics" and other adjustments yields an offense level of 37. The challenged cross-reference, if it applies, reroutes the offense level calculation from the distribution guideline to Guidelines § 2G2.1 (the pornography "production guideline"), which provides for a higher base offense level but generally fewer enhancements—but those few include the challenged computer enhancement. Under the production guideline Zagorski's total offense level is 37 if the computer enhancement does not apply, 39 if it does. Accordingly, to affirm we must conclude both that Zagorski was subject to the production guideline (by virtue of the cross-

reference) and that the computer enhancement was correctly applied. We address each in turn.

*Cross-reference*. Guidelines § 2G2.2(c)(1) directs the sentencing judge to apply § 2G2.1 if, as relevant here, "the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of . . . transmitting a live visual depiction of such conduct." The commentary says that the cross reference "is to be construed broadly." U.S.S.G. § 2G2.2 Application Note 5 (2011).

We assume without deciding two propositions that Zagorski has not challenged: first, that the activity in which Zagorski expected the purported minor to engage on webcam qualifies as "sexually explicit conduct," and, second, that the cross-reference encompasses attempts. Under these assumptions, the district court did not err in finding that Zagorski's conduct implicated the cross-reference: By offering to send pornographic videos in exchange for a live, sexually explicit webcam performance by a 12-year-old girl, Zagorski demonstrated his intent to "caus[e] . . . a minor to engage in sexually explicit conduct for the purpose of . . . transmitting a live visual depiction of such conduct." And by actually sending such videos to the minor's purported custodian, Zagorski took a "substantial step" toward causing this result. See *United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014) (defining "attempt" as a "substantial step" coupled with "the requisite criminal intent" (citation omitted)). Although of course Palchak's actions were causes of the events that transpired, that doesn't exclude a causal role for Zagorski.

Relying on *Hite*, Zagorski argues that his actions did not amount to an attempt to "entice" or "persuade" the purported minor to participate in the webcam show. He points out that Palchak presented the minor as ready and willing to engage in

sexual activity—and that, as a result, he never had to take any steps to "transform or overcome" her will. *Hite*, 769 F.3d at 1161. But *Hite*'s insistence that there be evidence that the defendant sought to "transform or overcome the will of a minor," *id.*, rested on verbs in 18 U.S.C. § 2422(b)— "persuade," "induce," "entice," "coerce"—that are more demanding than "cause," which is among the verbs in Guidelines § 2G2.2(c)(1). See also *United States v. Laureys*, 653 F.3d 27, 40 (D.C. Cir. 2011) (Brown, J., dissenting on an issue the majority did not reach) (identifying cases reading § 2422(b) to require "an attempt to bend the child-victim's will"). Here, under the usual meaning of the word "cause," see, e.g., *United States v. Whitesell*, 314 F.3d 1251, 1255 (11th Cir. 2002), Zagorski attempted to cause a minor to engage in particular conduct by bartering with her purported custodian.

*Computer Enhancement*. An affirmative finding under Guidelines § 2G2.2(c)(1) potentially triggers Guidelines § 2G2.1(b)(6)(B), providing as follows:

> If, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved . . . the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct, increase by 2 levels.

The commentary explains that this provision can be triggered by the use of a computer to communicate "with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G2.1 Application Note 4(B).

In applying this provision, the district court relied in part on a phone call between Zagorski and the minor. In his opening brief Zagorski argues that the phone was not a "computer" as required by this guideline. See U.S.S.G. § 2G2.1 Application Note 1 (adopting the definition of "computer" in 18 U.S.C. § 1030(e)(1)); 18 U.S.C. § 1030(e)(1) (the term "computer" includes "an electronic . . . or other high speed data processing device performing logical, arithmetic, or storage functions" but not "an automated typewriter or typesetter, a portable hand held calculator, or other similar device"). Two circuits have said that a cell phone is a computer within the meaning of this provision, *United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014); *United States v. Kramer*, 631 F.3d 900, 902-03 (8th Cir. 2011), but the government has not contested Zagorski's assertion, and we disregard the phone call as potential support for applying the enhancement.

But even without the call Zagorski's computer activities are sufficient. The Second Circuit has quite reasonably interpreted the oddly worded subsection (ii)—"solicit participation with a minor in sexually explicit conduct"—as "addressing a situation in which one person solicits another person to engage in sexual activities with a minor." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). Here Zagorski repeatedly broached the subject of the webcam show in his online chats with Palchak, offered child pornography as payment for the show, and in fact sent Palchak six pornographic videos via the internet. In doing so, Zagorski used a computer in the way contemplated by the guideline.

Zagorski argues that his conduct cannot amount to solicitation because Palchak initially proposed the webcam exchange. Not so: an initial offer does not preclude subsequent solicitation by the offeree. Contrary to Zagorski's contention, his conduct was not purely "reactive" (Appellant's

Br. 40); on several occasions, he proactively inquired about the webcam show and offered to send (and in fact did send) child pornography in order to assure that the show would go on. See, e.g., J.A. 73 ("so when we gonna do cam"); J.A. 80 ("when u ready to do cam i send u that [video]"); J.A. 85 ("how about cam"); J.A. 87 ("i make u a deal if u give me good cam i tell where u can get porn from i just found out today").

At oral argument, Zagorski's counsel suggested that the computer enhancement is not implicated because Zagorski did not expect Palchak to engage in sex with the purported minor as part of the webcam performance. But the relevant inquiry is whether Palchak was solicited to "participat[e]" with the purported minor in "sexually explicit conduct," not sex. We noted at the outset that Zagorski hasn't disputed the government's position that the proposed webcam behavior of the minor qualified as "sexually explicit conduct." There is also no dispute that Zagorski expected Palchak to appear on webcam with the minor. Taken together, these facts support a finding that he solicited Palchak to "participat[e] with a minor in sexually explicit conduct."

* * *

The judgment of the district court is

*Affirmed.*