In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1981

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERTO MACIAS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 CR 546-7 — **Charles P. Kocoras**, *Judge.*

ARGUED MAY 17, 2019 — DECIDED JUNE 21, 2019

Before RIPPLE, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge*. Roberto Macias helped move drug
money from Chicago to Mexico. At his bench trial, he chal-
lenged a drug-conspiracy charge by testifying he thought the
cash came from human smuggling, not drug trafficking. But
the district judge did not believe him. The judge convicted
him and imposed a two-level enhancement under U.S.S.G.
§ 2D1.1(b)(15)(D) for obstructing justice by testifying falsely.
On appeal, Macias argues this enhancement does not apply to

a defendant who perjures himself at trial. He also argues the judge failed to find all perjury elements independently and explicitly, as constitutionally required. But Macias waived these challenges, foreclosing appellate review.

## I. Background

### A. Crimes

Macias helped smuggle illegal immigrants into America in the late 1980s and early 1990s, incurring multiple convictions. Many years later, La Familia Michoacana asked him to help move cash into Mexico, telling him it came from human smuggling, according to his testimony. He agreed. From 2007 to 2009, he arranged for his brother-in-law, Ismael Flores, to make trips from Chicago to Dallas with a total of about $10,000,000[1] bound for Mexico. But La Familia Michoacana is a drug cartel. The cash was drug money.[2] Flores realized this during his first trip given the payload and secret instructions.

### B. 2012 trial, sentencing, and appeal

When Macias faced charges, he testified he thought the cash came from human smuggling, not drugs. But the jury convicted him of conspiring to distribute at least five kilograms of cocaine and of conducting an unlicensed money-transmitting business. The judge sent him to prison for 300

---

[1] The record gives various figures but the precise amount is immaterial for our purposes.

[2] Macias admitted a significant part of the cash was from drugs. But he argued the government did not prove all of it was. The judge found the cash came from "the sale of illegal drugs and not from any other source." (Findings and Conclusions, DE 523 at 10.) Macias does not press this on appeal.

months for the conspiracy concurrent with 60 months for the money transmitting. Macias appealed the conspiracy conviction, challenging the "deliberate indifference" jury instruction. We reversed because the instruction erroneously allowed conviction simply "because he wasn't curious enough to discover the source of the illegal funds." *United States v. Macias*, 786 F.3d 1060, 1063 (7th Cir. 2015). We remanded for a new trial on the conspiracy charge. We vacated the money-transmitting sentence to allow potential resentencing at a lower guidelines range without the conspiracy conviction.

**C. 2016 retrial**

Macias's case was reassigned to Judge Kocoras on remand. Macias consented to a bench trial, which he faced in August 2016. At this retrial, Flores testified he knew the money was drug money. But, again, Macias testified that he did not. He testified a superior in the cabal told him the money came from human smuggling. Macias testified that he believed throughout his involvement that he was in a human-smuggling operation, unconnected with drugs. But the judge did not believe him.

The judge convicted Macias of conspiracy to transport cocaine. The judge found "Macias was not a believable witness and his testimony that he was ignorant of the source of the cash transported was implausible, contradicted by other testimony and by his own actions during the course of the drug conspiracy charged and proved … ." (Findings and Conclusions, DE 523 at 10.) The judge found "Macias was untruthful in his testimony in a variety of respects in addition to his claim of ignorance as to the source of the transported cash and was not credible as to any material matter about which he testified … ." (*Id.*) Macias moved for judgment of acquittal. But the

judge denied that motion, noting "Macias was entirely un-worthy of belief." (Ruling, DE 561 at 1.)

**D. Resentencing**

The probation office recommended an enhancement under § 2D1.1(b)(15)(D) for obstruction because Macias falsely testified he was ignorant of the cash's true source. In its sentencing memorandum, the government also asked the judge to consider Macias's perjury. Macias did not raise any objection to this enhancement in his sentencing memorandum or objections to the presentence investigation report.

At the resentencing hearing, Macias still did not object to this enhancement. The judge listed Macias's challenges:

> [Judge]: [T]he Guideline calculation is challenged for, one, there is a challenge to the quantity of drugs and the calculation of price and how we got to the ultimate Adjusted Offense Level of 41. And there is a challenge to the leadership enhancement. Those are the challenges, I think, lodged way back when, right?
>
> [Defense counsel]: Yes, your honor.
>
> [Judge]: All right. Is there anything you want to add to those challenges?
>
> [Defense counsel]: Judge, I think the challenges are pretty clearly stated in the papers.

(Tr. Sentencing Hr'g, DE 587 at 5–6.) Defense counsel then argued about drug quantities and Macias's lack of authority over Flores, but did not mention obstruction.

The judge then asked again for any other challenges:

> [Judge]: Is there any other factual or legal chal-
> lenge to anything we have discussed yet—
>
> [Defense counsel]: No, your Honor.
>
> [Judge]: —based on the reports?
>
> [Defense counsel]: No, no, no, not to the report
> as it is now.
>
> * * *
>
> [Judge]: But we are all dealing with the calcula-
> tion that I talked about.
>
> [Defense counsel]: No, no, no. No additional ob-
> jection, Judge. You addressed both—
>
> [Judge]: All right.
>
> [Defense counsel]: —of the objections.

(*Id.* at 15–16.)

The judge then addressed Macias directly:

> [Judge]: [D]o you think there is any—something
> is wrong factually in any of these materials?
>
> [Macias]: No. The way my attorney explained it,
> I believe, is correct.

(*Id.* at 16.)

During its turn at the resentencing hearing, the govern-
ment called Macias a liar:

> [Prosecutor]: One thing that has changed since
> the last time he was before Judge Bucklo is that
> he got up on that witness stand over there (indi-
> cating), to my left, and he lied through his teeth

to your Honor. This was a bench trial. He had
lied to Judge Bucklo, contending that he was
nothing more than a dupe; somebody who
thought that the money that was being gener-
ated, that he was transporting, came from hu-
man smuggling—which was, frankly, an absurd
idea, but one that he pursued not once, but
twice. He did not accept responsibility before
this Court for the injury that he has caused in
this district; and, rather, tried to make light of it
by concocting a silly defense to the charge.

(*Id.* at 18.) The government sought a sentence of 360 months.

Defense counsel then argued about the level of Macias's
culpability, explained Macias's decision to go to trial, and be-
moaned what he called "a penalty imposed for testifying":

[Defense counsel]: So, he made a decision to
challenge it and present a defense at trial. He
did do that. And there is a penalty imposed for
testifying. If you—I always think this is kind of
a weird penalty, practically speaking, Judge, be-
cause if you—get the fortune to have a jury that
finds reasonable doubt or a judge that finds rea-
sonable doubt, you don't get guilt. And if you
do—if you don't then you do. And I don't know
how helpful the enhancement is. I think it gen-
erally probably chills people from trying to pre-
sent a defense; but, regardless of that, he gets
the penalty for that. That is part of this, in terms
of his Guideline range. But under the practical
reality of his situation, I don't think he should
be heavily punished for deciding to defend

> himself against the case, in the best way he could, under the circumstances. Because the Sentencing Guidelines put him in a box that is very difficult for a defendant to manage—when you are looking at those kind of numbers—or a lawyer. It is difficult to decide what your best strategy is and what you can do. They tie your hands significantly. And he made the decision to defend his case and we defended it the best we could. And I don't think he should be heavily punished for making that decision.

(*Id.* at 23–24.) Again, defense counsel did not object to the obstruction enhancement. Instead, he begrudgingly acknowledged Macias "gets the penalty for that." Defense counsel presented a wide variety of detailed mitigation arguments. But he never objected to the obstruction enhancement. He never argued it does not apply or the perjury elements were not satisfied. He asked for a sentence of between 180 to 240 months.

Then Macias spoke. He admitted a degree of guilt: "I always knew that what I was doing was illegal and wrong, even if I did not know all of the details about what the people I was working with were doing." (*Id.* at 34.) He echoed his counsel. He talked about consequences, plans, and hopes. He apologized. He did not challenge the obstruction enhancement.

The judge then explained his reasoning. He praised defense counsel several times: "a very, very able advocate … one of the better ones I have seen." (*Id.* at 38.) The judge imposed a sentence of 240 months for the drug conspiracy concurrent with 60 months for the money transmitting. Macias appeals.

## II. Analysis

Macias argues § 2D1.1(b)(15)(D) does not apply to a defendant who perjures himself at his trial. In the alternative, he argues the judge failed to find all perjury elements independently and explicitly, as required by *United States v. Dunnigan*, 507 U.S. 87 (1993), for a perjury enhancement to be constitutional.[3] But Macias waived these challenges. Waiver forecloses appellate review. *United States v. Walton*, 255 F.3d 437, 441 (7th Cir. 2001). We generally will not force on a party a waivable position he chose not to take, and will not entertain arguments a party chose not to develop below, even if he changes his mind on appeal. *Id.* In our adversary system, a party may have many strategic reasons to drop a viable claim.

We are very careful when finding waiver. It requires a "knowing and intentional decision" to forego a right. *United States v. Moody*, 915 F.3d 425, 429 (7th Cir. 2019). A party waives an issue when he "intentionally relinquishes or abandons a known right … ." *Walton*, 255 F.3d at 441. Mere forfeiture, on the other hand, permits plain-error review. *Moody*, 915 F.3d at 429. A party forfeits an issue when he "fails to raise an argument due to accident or neglect." *United States v. Seals*, 813 F.3d 1038, 1045 (7th Cir. 2016).

Here, although Macias made other challenges, he did not challenge the obstruction enhancement in his filings leading up to the resentencing hearing or at the hearing itself. He did

---

[3] This alternative argument highlights the waiver doctrine's importance. If the judge did not discuss perjury in depth at resentencing, Macias bears fault for failing to object and alert the judge to a need for such discussion. Had Macias objected, we would have a different record on appeal.

not argue § 2D1.1(b)(15)(D) does not apply to perjury or *Dunnigan* requires more explicit findings of perjury's elements.

At the resentencing hearing's outset, the judge identified Macias's challenges. The judge noted Macias challenged the drug and money amounts and the leadership enhancement. The listed challenges did not include obstruction. The judge asked, "Is there anything you want to add to those challenges?" (Tr. Sentencing Hr'g, DE 587 at 5.) Defense counsel responded, "Judge, I think the challenges are pretty clearly stated in the papers." (*Id.* at 5–6.) He did not add a challenge to the obstruction enhancement. He presented arguments about the drug and money amounts and the leadership enhancement. The judge resolved these issues and again invited other challenges. Defense counsel responded: "No, no, no. No additional objection, Judge. You addressed both … of the objections." (*Id.* at 15.)

The government then discussed the § 3553(a) factors and emphasized Macias lied at both trials. Defense counsel then made another presentation. He argued Macias was not a linchpin and nothing about him was worse simply because the cartel was big. He argued Macias challenged the case due to the huge sentence he faced. He bemoaned the "penalty imposed for testifying" and argued the enhancement "probably chills people from trying to present a defense; but, regardless of that, he gets the penalty for that. That is part of this, in terms of his Guideline range." (*Id.* at 23–24.) Defense counsel made many mitigation arguments but never objected to the obstruction enhancement. He never argued it does not apply or *Dunnigan* requires more explicit perjury findings. Finally, after imposing sentence, the judge asked again, "Is there anything else?" And defense counsel again said no.

This is not merely a case where a defendant failed to object when asked the rote question, "Any other objections?" Here, the *coup de grâce* is the acknowledgement, albeit begrudging, that the enhancement applies: "[H]e gets the penalty for that. That is part of this, in terms of his Guideline range." (*Id.* at 24.)

The decision not to challenge the obstruction enhancement makes strategic sense. As the government notes, there were good reasons to avoid disputing the untruthfulness of Macias's testimony. The judge already found it untruthful. And there were good reasons to avoid tainting mitigation arguments about personal history and family circumstances. When a judge convicts a defendant and tells him he lied under oath, it is a rational strategy (at least sometimes) not to dwell on the lies. Moreover, Macias *did* object to the obstruction enhancement in advance of the prior sentencing. Macias's objection then did not follow the same lines he pursues now, but that objection tends to confirm that the decision not to object to the enhancement the second time around was made knowingly and intentionally. Macias offers no availing reason to think the lack of an objection to the obstruction enhancement at resentencing was not strategic.

### III. Conclusion

Macias knowingly and intentionally waived challenges to the obstruction enhancement, foreclosing our review.[4] We therefore DISMISS this appeal.

---

[4] We note Judge Kocoras sentenced Macias to 240 months imprisonment for Count 1, within the range he requested.