**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020
Decided November 3, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-3139

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cr-00073-1 |
| BRYAN OSBORNE, *Defendant-Appellant*. | Sara L. Ellis, *Judge*. |

**O R D E R**

Using false identities on Facebook, Bryan Osborne recruited twelve girls and one woman to have sex with him by falsely promising that they were auditioning for pornographic videos. He pleaded guilty to one count of a 25-count indictment: knowingly sex-trafficking a minor by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a), (b)(1), and (b)(2). After calculating a guidelines range of 292 to 365 months based on Osborne's category I criminal history and offense level of 40, the district court sentenced Osborne to 264 months' imprisonment and 12 years' supervised release. Osborne appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief appears thorough; it explains the nature of the case and the issues that an appeal of this kind

might be expected to involve. We therefore limit our review to the subjects that counsel discusses, and that Osborne raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel consulted with Osborne and determined that he wants to withdraw his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel thus considers arguing that the district court failed to comply with Federal Rule of Criminal Procedure 11(b) before accepting the plea. *See id*. Because Osborne did not move to withdraw his plea,* we would review the Rule 11 colloquy for plain error. *See United States v. Payne*, 964 F.3d 652, 655 (7th Cir. 2020). A clear and obvious error would be reversible only if it affected Osborne's substantial rights. *Id.*

We agree with counsel that it would be frivolous to argue that any omissions from the Rule 11 colloquy prejudiced Osborne. Counsel reports that the district court never informed Osborne that he could be prosecuted for perjury if he made a false statement under oath. *See* FED. R. CRIM. PRO. 11(b)(1)(A). This omission is harmless because there is no current or prospective perjury prosecution against him. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016). The district court also did not expressly state that Osborne was "waiving" his trial rights. FED. R. CRIM. PRO. 11(b)(1)(F). Rather, it reviewed those rights and explained that a trial would not occur if Osborne pleaded guilty. We do not mandate a particular script during a Rule 11 colloquy, so we would not find error here. *See Stoller*, 827 F.3d at 597. Further, Osborne's plea agreement—which he admitted to reviewing and understanding—states that he "surrender[ed]" his trial rights. Last, no prejudice could arise from not explaining the immigration consequences of a conviction, *see* FED. R. CRIM. PRO. 11(b)(1)(O), because Osborne is a citizen of the United States. Therefore, any argument that Osborne did not plead guilty knowingly and voluntarily would be frivolous. *See id.* at 598.

Counsel next considers whether Osborne could make any non-frivolous challenge to his below-guidelines sentence. He could not. To start, we agree with counsel that an argument that the district court incorrectly calculated the guidelines range would be frivolous. The court determined that the base offense level for Osborne's conviction was 32. *See* U.S.S.G. § 2G2.1(a). Osborne objected to three proposed enhancements—those based on the vulnerability of his victims, his use of a

---

* Because Osborne was represented by counsel, the court struck without prejudice two pro se filings from Osborne seeking to vacate his plea. No further motions to withdraw it were filed.

computer to commit his crime, and his pattern of prohibited conduct. *See* U.S.S.G. §§ 2G2.1(b)(6)(B), 3A1.1, 4B1.5(b). After Osborne objected, the district court imposed only the adjustment based on his computer use. Counsel rightly determines that it would be frivolous to argue that this was error because Osborne admitted to using a computer to request sexually explicit photos from his victims. *See* U.S.S.G. § 2G2.1(b)(6)(B); *United States v. Zagorski*, 807 F.3d 291, 294 (D.C. Cir. 2015) (defendant requested sexually explicit videos of minor in online chat); *United States v. Thielemann*, 575 F.3d 265, 268, 272 n.12 (3rd Cir. 2009) (same).

The district court also increased Osborne's offense level based on two special offense characteristics that Osborne did not challenge. Because Osborne admitted to trafficking or attempting to traffic multiple minors, the court applied a two-level increase for each victim who was over 12 but under 16 years old, *see* U.S.S.G. § 2G2.1(b)(1)(B), and for each encounter that entailed "the commission of a sexual act or sexual contact," *see* U.S.S.G. § 2G2.1(b)(2)(A), for a total of six more levels. Finally, under the grouping guideline, the court added five levels to reach the combined offense level. *See* U.S.S.G. § 3D1.4. Although Osborne objected to certain other adjustments, he agreed that these three applied; specifically, his lawyer told the district judge after she set the guideline range: "I just want to preserve the objection to the (b)(6) enhancement under 2D1.1, but with that I agree that the numbers are correct." Therefore, Osborne waived his right to challenge these enhancements on appeal, and it would be pointless to try. *See, e.g., United States v. Macias*, 927 F.3d 985, 989–90 (7th Cir. 2019).

Counsel also concludes, correctly, that Osborne could not raise a non-frivolous challenge to the substantive reasonableness of his sentence. A below-guidelines sentence is presumptively reasonable. *United States v. Friedman*, 971 F.3d 700, 716 (7th Cir. 2020) (quoting *United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019)). Osborne could not rebut that presumption on appeal because the district court fully considered the factors under 18 U.S.C. § 3553(a) in selecting his sentence. *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016). The court weighed the nature of Osborne's offense, the impact on his victims, his own history of abuse, and his high potential for rehabilitation. Although the government asked for a life sentence (the statutory maximum), and the probation office recommended 30 years, the court concluded that a below-range sentence was appropriate because of the prospect of rehabilitation. Counsel is thus correct that any argument challenging the length of the sentence would be frivolous.

Osborne raises two more potential arguments. First, he contends that he received ineffective assistance of counsel because, among other reasons, his trial attorneys failed to: obtain all discovery materials, investigate alleged instances of prosecutorial misconduct, move to suppress certain evidence, correct errors in his plea agreement, and move to withdraw his guilty plea. As counsel suggests, because a record on these issues was never developed, Osborne would be unable to show on direct appeal that counsel was ineffective. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020). This kind of ineffective-assistance claim should be pursued in a motion under 28 U.S.C. § 2255. *See id.*

Finally, Osborne wishes to argue that the district court lacked subject-matter jurisdiction because he is a "Moorish" citizen. The superseding indictment charged Osborne with violations of federal criminal law, so the district court had jurisdiction. *See* 18 U.S.C. § 3231. Osborne could not offer any non-frivolous argument to the contrary. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.